**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DARINEL CLAUDIO-SANCHEZ, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-26-CV-02622-XR |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| *Respondents* | § | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Darinel Claudio Sanchez's (also known as Ignacio Sanchez-Morales) Petition for a Writ of Habeas Corpus (ECF No. 1), the Federal Respondents' Response (ECF No. 3), and Petitioner's Reply (ECF No. 4). After careful consideration, the petition is **GRANTED**.

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Darinel Claudio-Sanchez AKA Ignacio Sanchez-Morales (A088-888-136) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **July 7, 2026**;

2.      Respondents must **NOTIFY** Petitioner's counsel by email[10] of the exact location and time of Petitioner's release as soon as practicable and **at least two hours before release;**

3.      If Petitioner is re-detained, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing; and

4.      Respondents shall **FILE** a status report on **July 8, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

### FACTUAL BACKGROUND

Petitioner, a native and citizen of Guatemala, is currently detained at the Karnes County Detention Center in Karnes City, Texas. ECF No. 1 at 5. Petitioner last entered the United States without inspection in 2022 with his wife and child.[11] *Id.* at 2. He was encountered by immigration officials but was released. *Id.* The Petitioner's wife and child have since been granted legal resident

---

[10] Bonnie Smerdon, bsmerdon@lucelawpllc.com, 305-680-9100.

[11] Years before that, he was allegedly trafficked into the United States as a minor and forced to assume a false identity. *Id.* These events resulted in a removal order to Mexico in 2008. *Id.* Petitioner re-entered the United States without detection and remained quietly in the country from 2008 until 2019. *Id.* In 2019, he voluntarily left. *Id.*

status, and the Petitioner has a pending Form I-730. *Id.* Petitioner has also complied with Immigration and Customs Enforcement reporting requirements in 2022, 2024, and 2026. *Id.*

On January 27, 2026, Petitioner was arrested at an immigration check-in and detained without a bond hearing. *Id.* at 3, 9. Petitioner filed a habeas petition asserting that his detention violates the Immigration and Nationality Act and his due process rights. *See* ECF No. 1.

In previous cases, this Court has found that immigration detention without an individualized bond hearing of a noncitizen who (1) has established a substantial presence in the United States and/or (2) was previously released or paroled into the interior violates the Due Process Clause of the Fifth Amendment.[12]

Finding no material factual or legal differences between those cases and the one at bar, the Court concludes that Petitioner's detention without bond is unconstitutional. Thus, Petitioner's detention is unlawful, and habeas relief is proper. Petitioner must be released from detention.

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**, and Respondents are **DIRECTED** to release Petitioner in accordance with the parameters set forth on the first page of this order.

It is so **ORDERED**.

**SIGNED** July 2, 2026.

 

 

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[12] *See, e.g., Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026). Respondents' legal arguments in those cases are incorporated herein and preserved for the purposes of any future appeal.